United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30988
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMERSON C. NEWMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CR-68-2
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Emerson C. Newman appeals from the district court's issuance of an injunction prohibiting the disposal of assets by Newman & Associates, Inc. (N & A), for purposes of securing the repayment of Newman's personal restitution debt. Newman argues that the district court's application of the doctrine of reverse veil-piercing of the corporate form was improper in the absence of any Louisiana authority approving of the practice, and because the facts of Newman's case failed to support the district court's alter ego analysis. With respect to the latter argument,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Newman contends, in essence, that N & A's facial compliance with various corporate formalities militates against the district court's findings.

First, even if there are neither statutory nor jurisprudential examples of Louisiana applications precisely on point, Louisiana has long recognized and applied the doctrine of piercing the veil of single-shareholder, family, and other closely-held corporations to determine alter ego status, as well as the practice of disregarding the corporate form once alter ego status is determined. As for corporate formalities, Louisiana is like virtually every other jurisdiction in treating the observance or non-observance of such formalities as but one among several indicia of alter ego, yet not as controlling in and of itself.

We have reviewed the record and the briefs submitted by the parties and are satisfied that the district court's issuance of the injunction prohibiting the disposal of N & A's corporate assets did not constitute an abuse of discretion. See McClure v. Ashcroft, 335 F.3d 404, 408 (5th Cir. 2003); Century Hotels v. United States, 952 F.2d 107, 110 (5th Cir. 1992).

AFFIRMED.

2